UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BALGOVIND SHARMA,<br><br>    Plaintiff,<br><br>    v.<br><br>GLOBALFOUNDRIES U.S., INC. LONG TERM DISABILITY INSURANCE PLAN, et al.,<br><br>    Defendants. | Case No.  5:15-cv-03631-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER**<br><br>Re: Dkt. No. 15 |

    Plaintiff Balgovind Sharma ("Plaintiff") brings this action against Standard Insurance Company ("Standard") and Globalfoundries U.S., Inc. Long Term Disability Insurance Plan ("Globalfoundries"), collectively ("Defendants"), alleging a single cause of action for monetary relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Presently before the Court is Defendants' Motion to Transfer the case to the United States District Court for the Southern District of New York. Def. Mot. to Transfer ("Mot."). See Docket Item No. 15. Plaintiff has filed written opposition to the motion.

    Federal jurisdiction arises pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1367(a). Finding this matter suitable for decision without oral argument, the hearing scheduled for March 31, 2016 was vacated and the Motion was taken under submission pursuant to Civil Local Rule 7-1(b). Having carefully considered the pleadings filed by the parties, the Court hereby DENIES the Motion for the reasons explained below.

1

Case No.: 5:15-cv-03631-EJD
ORDER DENYING DEFENDANTS' MOTION TO TRANSFER

## I. LEGAL STANDARD

Pursuant to 28 U.S.C. 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if such a transfer is convenient to the parties and witnesses. The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

To determine whether transfer is appropriate, the court first examines whether the action could have been brought in the district to which transfer is sought. See Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985) ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district." (internal quotation marks and citations omitted)). If the proposed district is a viable one, the court then goes through an "individualized, case-by-case consideration of convenience and fairness." Van Dusen, 376 U.S. at 622.

In addition to the convenience considerations enumerated by § 1404(a), the Ninth Circuit has identified other fairness factors that should be weighed by the court when considering a transfer: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

"No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." Ctr. for Biological Diversity v. Kempthorne, No. C08-1339CW, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing Stewart Org., Inc. v.

2

Case No.: 5:15-cv-03631-EJD
ORDER DENYING DEFENDANTS' MOTION TO TRANSFER

Ricoh Corp., 487 U.S. 22, 29 (1988); Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 639 (9th Cir. 1988)). A transfer may not be appropriate under § 1404(a) if it "would merely shift rather than eliminate the inconvenience." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The party moving for transfer of a case bears the burden of demonstrating transfer is appropriate. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

## II.   DISCUSSION

### A.   Venue is Proper in Either District

Pursuant to ERISA's venue provision, "[w]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). For venue purposes, a defendant corporation shall be deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c)(2).

Venue is proper in this district because both Defendants "reside[] or may be found" here. See § 1132(e)(2). Defendant Standard is an insurance company headquartered in Portland, Oregon that conducts business throughout the United States, including in both California and New York. Standard administered long term disability benefits provided by Globalfoundries U.S., Inc.'s employee benefit plan. Globalfoundries is headquartered in northern California, and designated Santa Clara as "the situs of plan administration." Pl. Opp. to Def. Mot. to Transfer ("Opp.") at 2, 4, Dkt. No. 20; see also Def. Reply at 2, Dkt. No. 22.

As to whether the action could have been brought in the Southern District of New York, the Court observes that both Standard and Globalfoundries conduct business in New York and thus "may be found" in the proposed transferee district as well. Indeed, Plaintiff acknowledges that this case could have appropriately been filed there. Opp. at 3. Thus, the Court finds that Defendants met their burden as to this threshold inquiry.

3

Case No.: 5:15-cv-03631-EJD
ORDER DENYING DEFENDANTS' MOTION TO TRANSFER

### B. Convenience Considerations Do Not Favor Transfer

Looking next to which forum is more convenient for the parties and relevant witnesses, Defendants fail to demonstrate that the Southern District of New York is a more convenient forum. With respect to the parties, Defendants argue that "Plaintiff does not reside in California; he has lived in New York since 2006," and Defendants "both operate in New York." Mot. at 6. Based on these facts, Defendants conclude that "the convenience of the parties favors transfer to New York." Id. This argument is unpersuasive for two reasons.

First, although Plaintiff is a resident of New York, Plaintiff also chose this forum. The relative convenience of a particular district is presumably a consideration in a plaintiff's decision to file suit in that district. See Robertson v. Standard Ins. Co., No. 3:14-CV-01572-HZ, 2014 WL 7240682, at *4 (D. Or. Dec. 16, 2014) (explaining that the court will assume a plaintiff's selected forum is convenient for the plaintiff, given that the plaintiff chose to litigate there and provided several legitimate reasons for why the forum was convenient). Thus, it is unconvincing for Defendants to advance a convenience argument based primarily on the logic that Plaintiff's choice of forum would be inconvenient to Plaintiff.

Second, although Defendants both operate in New York, this fact is unpersuasive on the question of convenience when both Defendants also operate in California. Moreover, Defendant Globalfoundries is headquartered in northern California, and designated this district as "the situs of plan administration." Opp. at 2, 4; see also Def. Reply at 2. Given these facts, Defendants have failed to show how they are any more inconvenienced by litigating in this district – where both Defendants operate, and where Globalfoundries is based – than they would be by litigating in New York.

Finally, Defendants fail to demonstrate that the convenience of potential witnesses in this case would be served by a transfer to New York. As Defendants acknowledge, ERISA actions such as this one are typically decided on the administrative record. See Mot. at 6. Therefore, it is unlikely that any witnesses will be required to testify in this case.

4

Case No.: 5:15-cv-03631-EJD
ORDER DENYING DEFENDANTS' MOTION TO TRANSFER

### C. The Interests of Justice Would Not Be Served By Transfer

Turning to whether transfer would best serve the interests of justice, the Court finds that it would not. Looking to the Jones fairness factors, the third, fourth, and fifth factors weigh against transfer, while the remaining factors are natural. See Jones, 211 F.3d at 498-99.

As to Plaintiff's choice of forum, the court acknowledges that although this decision is typically afforded significant weight when considering a motion to transfer, it is "given less deference when the plaintiff resides outside of the chosen forum." Brown v. Abercrombie & Fitch Co., No. 4:13–CV–05205 YGR, 2014 WL 715082, at *3 (N.D. Cal. Feb. 14, 2014). Accordingly, the Court finds that the Plaintiff's choice of forum weighs slightly against transfer in this case.

The fourth and fifth factors regarding the parties' contacts with the forum weigh marginally in favor of maintaining the case in this district. On one hand, New York is where Plaintiff presently resides, where he received disability benefits, and "where he was denied benefits when the Standard determined he was no longer disabled under the terms of the plan." Mot. at 7. However, Plaintiff worked and resided in California when he suffered a head injury on a work-related flight to Texas. Opp. at 3. Plaintiff was seen by both California and New York medical providers subsequent to his injury, and the California Workers' Compensation Appeals Board made the initial determination that he was "100% disabled." Opp. at 3; Compl. ¶ 4. Moreover, both Defendants operate their business in California, and Defendant Globalfoundries is headquartered here. Opp. at 2, 4.

The remaining factors are neutral. The first factor is neutral because the location where the relevant agreements were negotiated and executed applies to both forums. Plaintiff has worked in both California and New York, received medical treatment in both California and New York, and engaged in proceedings related to his benefits claims in both California and New York. See Mot. at 7; Opp. at 1-2, 3, 4. The second factor is also neutral because ERISA is a federal statute, and therefore a district court in either state would be equally familiar with the governing law. The sixth factor is neutral because the differences in the costs of litigation would likely be

5

Case No.: 5:15-cv-03631-EJD
ORDER DENYING DEFENDANTS' MOTION TO TRANSFER

comparable in either district.  And finally, the seventh and eighth factors are neutral because they are immaterial to this case.  As previously noted, an ERISA action is likely to be decided on the administrative record.  Consequently, the ability to compel attendance of unwilling witnesses and the relative ease of access to other evidence is likely irrelevant.

In sum, Defendants fail to demonstrate that transferring this case to New York would better serve the interests of justice.  To the extent that fairness considerations favor either forum, the relevant factors weigh in favor of maintaining the case in Plaintiff's chosen district.

## III. CONCLUSION

On balance, the convenience and fairness considerations applicable to an analysis under § 1404(a) weigh against transferring this action to the Southern District of New York.  Accordingly, Defendant's Motion to Transfer is DENIED.

**IT IS SO ORDERED.**

Dated: May 11, 2016



EDWARD J. DAVILA
United States District Judge